# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**RAYMOND CARTER,**

          Plaintiff,

-vs-                                              Case No. 6:10-cv-1881-28GJK

**NORTHROP GRUMMAN CORPORATION,**

          Defendant.
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration, without oral argument, on the following motion:

> **MOTION:**    **DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT (Doc. No. 32)**
>
> **FILED:**     September 12, 2011
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

## I. BACKGROUND

On August 29, 2011, Plaintiff, Raymond Carter, filed a four count Amended Complaint (hereafter "Complaint") against Defendant, Northrop Grumman Corporation. Doc. No. 31. The Complaint does not contain numbered paragraphs, but is organized in a memorandum fashion with an introduction, argument and conclusion. Doc. No. 31. In the introductory paragraph, Plaintiff prefaces the Complaint by defining "disability" under Title I of the Americans with Disabilities Act (hereafter "ADA"), citing the elements of a defamation cause of action and indicating that the Equal Employment Opportunity Commission enforces laws against retaliation. Doc. No. 31 at 2-3. Plaintiff ends the

1

introductory paragraph by alleging that he "does in fact have mental disabilities" as defined by the ADA and U.S. Department of Veterans and has "physical disabilities . . . due to an on-the job injury [], while employed by a federal agency." Doc. No. 31 at 3.

In Count I, styled as an argument, Plaintiff alleges that he "is in fact engaged in Protected Activity because the Defendant has been aware of the Plaintiff's physical disabilities throughout the term of employment. Furthermore, the Defendant has knowledge of the Plaintiff's mental disabilities while the Plaintiff was on short-term medical leave from 8/27/2009 to 1/03/2010 . . . ." Doc. No. 31 at 3.[1] Plaintiff alleges that Defendant failed and refused to provide Plaintiff with reasonable accommodations for his physical and mental disabilities. Doc. No. 31 at 3-4. Plaintiff also alleges that Defendant required him to "perform physical duties contrary to the restrictions and limitations prescribed by Plaintiff's medical provider (Orthopedic Surgeon)." Doc. No. 31 at 3. Plaintiff further alleges that Defendant would not allow him to return to work after he was released by his mental health provider and that "Defendant continually disciplined the Plaintiff for missed time at work due to the Plaintiff's numerous medical appointments." Doc. No. 31 at 4.

Count II is entitled, "The Defendant Harassed the Plaintiff for Lodging a Complaint Against a Superior." Doc. No. 31 at 4. Plaintiff alleges that Defendant harassed him "with verbal abuse and threats of being fired because the Plaintiff complained that a Lead person was harassing the Plaintiff." Doc. No. 31 at 5. Plaintiff alleges that on February 20, 2009, James France, Defendant's human resources employee, verbally abused him by stating Plaintiff's complaints were "*bull shit*." Doc. No. 31 at 5 (emphasis in original). Plaintiff alleges that on August 11, 2009, Mr. France told Plaintiff that he had "'*one foot on a banana peel and* [] *am about to find my ass out the door on unemployment*" and

---

[1] Although Plaintiff presents his claims as arguments, the Court will refer to them as numbered counts.

also stated that some people perceived Plaintiff as "'*becoming a burden around here.*'" Doc. No. 31 at 5 (emphasis in original).

In Count III, Plaintiff asserts a claim for defamation. In relevant part, Plaintiff alleges:

> On February 19, 2009, the Defendant falsely accused the Plaintiff of threatening a superior employee Rosa Pineiro (Lead Material Specialist). The Plaintiff was advised by HR Rep. James France on 2/20/2009 after the Plaintiff filed a harassment complaint against Rosa Pineiro. Theses [sic] false allegations by Rosa Piniero constitutes defamation because the Defendant. [sic]
>
> . . . .
>
> These false statements were not only published to the Defendant, but to the EEOC as well of the Defendant's response to the EEOC's investigator dated September 17, 2010 *(" Carter while walking towards her, told Pineiro, in a raised voice, that "[you]don't know what's coming your was* [sic] *Missy, you will see." You don't know." How do you know?" I will get you [off] my back." I am going to HR.") Additionally, "this is not the first, second or third time that Mr. Carter do that to me."*

Doc. No. 31 at 5-6 (emphasis in original). Thus, Plaintiff appears to allege that Defendant published false statements to Plaintiff himself and to the EEOC.

In Count IV, Plaintiff alleges that Defendant retaliated against him "for lodging a complaint against one of the defendant's superior employee[s] (Rosa Piniero, Lead Material Specialist) on 2/19/2009." Doc. No. 31 at 6. Plaintiff alleges that he was falsely accused of leaving work on July 28, 2009, even though he told his shift supervisor both verbally and by e-mail that he needed to leave early "due to extreme stress." Doc. No. 31 at 7. In seeking to correct the issue, Plaintiff alleges that both the department manager and Mr. France indicated that the verbal warning he was given would be replaced with a written warning. Doc. No. 31 at 7. Plaintiff alleges that Defendant retaliated against him by interfering with his ability to continue to attend school, transferring Plaintiff to the second shift,

3

attempting to prevent him from using the "HR computer resource room," falsely asserting that Plaintiff was engaged in drug activity on company property and by not allowing Plaintiff to work overtime or make-up hours from March 18, 2008, through August 2009. Doc. No. 31 at 7-8.

Plaintiff concludes the Complaint by stating the Defendant "has had considerable knowledge of my physical and mental disabilities during the term of my employment" and knew Plaintiff was a member of a protected class. Doc. No. 31 at 9. Plaintiff further states that Defendant's "discrimination, harassment, defamation of character, retaliation/reprisal along with the violations of the ADA, has in fact caused extensive harm to the Plaintiff's existing physical, and mental disabilities" and, therefore, Plaintiff is entitled to compensation. Doc. No. 31 at 9-10.

On September 12, 2011, Defendant moved to dismiss the Complaint (hereafter "Motion"). Doc. No. 32. Defendant argues the Complaint should be dismissed because it does not comply with Rule 10's, Federal Rule of Civil Procedure, requirement that claims be stated in numbered paragraphs with each claim stated in a separate count. Doc. No. 32 at 2. Defendant also argues that the Complaint does not meet the pleading requirements of Rule 8. Doc. No. 32 at 2. On November 30, 2011, Plaintiff filed his response to the Motion. Doc. No. 41.

## II. STANDARD OF REVIEW

In determining whether a complaint should be dismissed for failing to state a claim upon which relief can be granted, all factual allegations are accepted as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Although a complaint need not contain detailed factual allegations, mere labels, conclusions, or a formulaic recitation of a cause of action's elements will not suffice. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the factual allegations must "raise a right to relief above the speculative level." *Id.* This requires the complaint to sufficiently allege facts that state a claim for

relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). The allegations must permit the "court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Where, as here, Plaintiff is proceeding pro se, this Court is required to "liberally construe" the Complaint because pro se litigants "are held to less stringent standards for drafting pleadings than lawyers." *Tanguay v. O'Neal*, 2000 WL 33155887 at *1 (M.D. Fla. Dec. 20, 2000).

**III. ANALYSIS**

    **A. Count I – Failure to Provide Reasonable Accommodation**

To establish a prima facie case of employment discrimination under the ADA, the plaintiff must establish he is a qualified individual, who is disabled and was subject to unlawful discrimination due to his disability. *Holly v. Clairson Indus., L.L.C.*, 492 F.3d 1247, 1255-56 (11th Cir. 2007). A qualified individual is a person who can perform the essential functions of a job with or without a reasonable accommodation. *Id.* at 1256. An employer who fails to reasonably accommodate a qualified individual, absent a showing of undue hardship, commits unlawful discrimination. *Id.* at 1262.

Although Plaintiff alleges numerous ways that Defendant failed to reasonably accommodate him, Plaintiff does not allege what his physical and mental disabilities are. Plaintiff also does not allege that he is a qualified individual under the ADA. Even construing the Complaint liberally, there are no allegations by which this Court can determine these elements. Accordingly, it is **RECOMMENDED** that Count I be dismissed.

    **B. Count II – Employment Harassment**

To establish a prima facie claim of hostile work environment, a plaintiff must establish he is a member of a protected group; plaintiff was subject to unwelcome harassment; the harassment was

5

based on a protected characteristic of the plaintiff; the harassment was "sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment"; and the employer is responsible for the hostile working environment under a theory of direct or vicarious liability. *Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1275 (11th Cir. 2002).[2] 42 U.S.C. § 2000e-2(a)(1) prohibits employment discrimination based on a person's "race, color, religion, sex or national origin." Thus, to assert a hostile work environment claim, a plaintiff must allege he is a member of one of these protected groups and the harassment was based on his membership in one of these protected groups.

Count II is deficient because Plaintiff does not allege which protected group he is a member. Plaintiff does not allege how the alleged verbal abuse he received after lodging a complaint against a "Lead person" was predicated on his membership in a protected group. Plaintiff does not allege that the alleged verbal abuse was so severe and pervasive that it altered the terms and conditions of his employment and created a discriminatorily abusive working environment. Plaintiff also does not allege whether Defendant is liable for the alleged harassment on a direct or vicarious liability theory. Accordingly, it is **RECOMMENDED** that Count II be dismissed.

### C. Count III – Defamation

A party alleging defamation must allege the "(1) the defendant published a false statement (2) about the plaintiff (3) to a third party and (4) that the falsity of the statement caused injury to the plaintiff." *Valencia v. Citibank Int'l*, 728 So. 2d 330, 330 (Fla. 3d DCA 1999). In the Complaint, Plaintiff alleges that Defendant falsely accused Plaintiff of threatening another employee. Doc. No. 31 at 5. This false statement was allegedly published to Plaintiff (Doc. No. 31 at 5) and "to the EEOC as

---

[2] In light of Plaintiff's reference to Title VII of the Civil Rights Act of 1964, it is assumed that Plaintiff's hostile work environment claim is being asserted pursuant to 42 U.S.C. § 2000e-2(a).

well of the Defendant's response to the EEOC's investigatory dated September 17, 2010." Doc. No. 31 at 6 (internal citation omitted).

To the extent Plaintiff's defamation claim is predicated on the false statement being published directly to him, his claim fails because a defamation claim is only actionable if it is published to a third party. *See Valencia*, 728 So. 2d at 330. Plaintiff's allegation that Defendant published the defamatory statements in response to Plaintiff's EEOC complaint is also not actionable. Florida law recognizes an absolute privilege for any defamatory statements "published during the course of a judicial or quasi-judicial proceeding . . . if they are connected with, or relevant or material to, the cause at hand or subject of inquiry." *Gandy v. Trans World Computer Tech. Group*, 787 So. 2d 116, 119 (Fla. 2d DCA 2001). "An EEOC investigation is a quasi-judicial proceeding." *Id.*

The defamatory statements alleged in the Complaint are clearly relevant to any complaint Plaintiff filed with the EEOC that Defendant discriminated against him for lodging a complaint against a fellow or superior employee. Although absolute immunity is normally an affirmative defense, a complaint may be dismissed when an affirmative defense clearly appears on the face of the complaint. *Fortner v. Thomas*, 983 F.2d 1024, 1028 (11th Cir. 1993). The defense of absolute immunity is plainly apparent in Plaintiff's allegation that Defendant published the alleged defamatory statements in its EEOC response. Accordingly, it is **RECOMMENDED** that Count III be dismissed.

### D. Count IV – Retaliation

To prove a claim for retaliation under Title VII, a plaintiff must establish that he engaged in statutorily protected expression, suffered an adverse employment action and "some causal relation between the two events." *Meeks v. Computer Assocs., Int'l*, 15 F.3d 1013, 1021 (11th Cir. 1994). To prove a causal relationship, the plaintiff merely has to show the protected activity and adverse

7

employment action are not completely unrelated. *Id.* Under Title VII, it is unlawful to discriminate against an individual because he opposed an unlawful employment practice or "made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a).

Plaintiff alleges that Defendant retaliated against him after he lodged a complaint against a superior employee on February 19, 2009. Doc. No. 31 at 6. Plaintiff does not allege to whom the complaint was made, nor identifies the substance of the complaint. As a result, the Court cannot determine the nature of Defendant's violation of Title VII. Further, it is unclear what causal relationship exists, if any, between his complaint against the superior employee and the alleged retaliatory actions taken by Defendant. Accordingly, it is **RECOMMENDED** that Count IV be dismissed.

Based on the foregoing, the undersigned **RECOMMENDS** the following:

1. The Motion be **GRANTED** and Plaintiff's Complaint be **Dismissed without Prejudice**; and

2. On or before January 11, 2011, Plaintiff be permitted to file a second amended complaint that complies with the following directives:

    A. Plaintiff shall place his full name in the style of the case on the first page and provide his full name and current address in the appropriate section at the end of the second amended complaint;

    B. Plaintiff must provide the full name and current address for the Defendant;

    C. **Plaintiff shall specifically allege the basis upon which the Court has subject matter jurisdiction for each claim asserted**;

D. Plaintiff must state what rights under the Constitution, laws, or treaties of the United States that Defendant has violated;[3]

E. Plaintiff shall set forth each claim in a separate count;

F. Plaintiff must set forth a short, plain statement of the facts as to each claim and state the Defendant's involvement in the violation alleged in each claim;

G. Plaintiff must show how Plaintiff has been damaged or injured by the actions and/or omissions of the Defendant; and

H. Plaintiff shall set forth a clear statement of the relief sought for each claim.

The second amended complaint must include all of Plaintiff's claims in this action; it should not refer back to the original or amended complaint. Plaintiff shall mail or provide the second amended complaint to the Court with a <u>copy</u> <u>for</u> <u>the</u> <u>Defendant</u>.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal. **The Clerk is directed to send a copy of this report and recommendation to Plaintiff by Certified Mail.**

**RECOMMENDED** in Orlando, Florida on December 21, 2011.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies to:
Presiding District Court Judge
Counsel of record
Unrepresented party by Certified Mail

---

[3] It is improper for Plaintiff to merely list constitutional rights or federal statutes.